IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| **Jeff Lewis,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 04-2326-JWL |
| **Union Pacific Railroad Co.,** | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

Plaintiff Jeff Lewis filed a state court petition against defendant asserting claims of breach of contract and quantum meruit. Thereafter, defendant timely removed the case to this court on the basis of diversity jurisdiction. This matter is presently before the court on plaintiff's motion to enforce the parties' settlement agreement (doc. 49). As explained below, the motion is granted.

*Background*

Plaintiff filed his state court petition in June 2004. On November 21, 2005, the parties settled plaintiff's claims during mediation. The settlement agreement included defendant's promise to pay plaintiff $60,000 within 20 days from the date of the agreement. Payment, then, was due on December 12, 2005. On December 28, 2005, the parties had a telephone status conference with Magistrate Judge Waxse during which plaintiff notified Judge Waxse that it had not yet received the settlement check from defendant despite numerous efforts to obtain payment.

Defendant's counsel advised Judge Waxse that the check should be available by January 6, 2006 and plaintiff's counsel indicated that he would file a motion to enforce the settlement agreement if he did not receive the check by that date. The January 6, 2006 date passed with no payment from defendant and, as of the date of this writing, defendant still has not provided the settlement check to plaintiff.

*Discussion*

A district court "has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it." *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2005) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)). While an evidentiary hearing is generally required where material facts concerning the existence or terms of an agreement to settle are in dispute, *see Hardage*, 982 F.2d at 1496, there are no disputed facts here and the parties agree that no evidentiary hearing is necessary. In fact, defendant concedes that the terms of the settlement agreement are exactly as described by plaintiff and that defendant has failed to pay pursuant to the agreement. While defendant states that it is "hopeful" that payment will be made soon, it is unable to offer any assurances as to when payment might be made.

In light of these circumstances, the court grants plaintiff's motion to enforce the settlement agreement and directs defendant to provide plaintiff with a check in the amount of $60,000 plus prejudgment interest from December 12, 2005 (the date that payment was due pursuant to the settlement agreement) to the date that payment is made no later than 5:00p.m. on Tuesday,

February 7, 2006.  *See Kilner v. State Farm Mut. Auto Ins. Co.*, 252 Kan. 675, 686-87 (1993) ("Where an amount is due upon contract, either express or implied, and there is no uncertainty as to the amount which is due or the date on which it becomes due, the creditor is entitled to recover interest from the due date.").  If payment is made by 5:00p.m. on February 7, 2006, then the parties shall file with the court no later than 12:00p.m. on February 8, 2006 a notice that defendant's obligations under the settlement agreement have been satisfied.  If no notice is filed by 12:00p.m. on February 8, 2006, the court will enter judgment in favor of plaintiff and against defendant in the amount of $60,000 plus prejudgment interest from December 12, 2005 to the date of judgment and postjudgment interest at the statutory rate from the date of judgment to the date of payment as well as plaintiff's costs of action.

Plaintiff also seeks an award of attorneys' fees as a sanction for defendant's conduct.  The court declines to award fees at this juncture as the record does not demonstrate bad faith on the part of defendant.


**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff's motion to enforce the settlement agreement (doc. 49) is **granted**.


**IT IS SO ORDERED.**


Dated this 1st day of February, 2006, at Kansas City, Kansas.

3

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

4